UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
CORTEZ M. STACKER,                  :
                                    :   Civil Action No. 12-6572 (RMB)
            Petitioner,             :
                                    :
       v.                           :            **OPINION**
                                    :
D. ZICKEFOOSE,                      :
                                    :
            Respondent.             :
_____:

This matter comes before the Court upon Petitioner's § 2241 petition, see Docket Entry No. 1 ("Petition"), which was followed by his filing fee. See Docket Entry dated Nov. 1, 2012.

Petitioner seeks to expunge disciplinary sanctions that included loss of good-conduct-time credits. See Docket Entry No. 1, at 3. Respondent answered the Petition and provided a copy of the pertinent administrative record, see Docket Entry No. 5, and Petitioner traversed. See Docket Entry No. 6. For the reasons detailed below, the Petition will be denied.

I.  BACKGROUND

Petitioner is a federal inmate currently confined at the FCI Fort Dix, Fort Dix, New Jersey. See generally, Docket. Prior to his transfer to Fort Dix, he was housed at the federal facility in Arkansas. See Docket Entry No. 1, at 1-2. There, Plaintiff possessed an illegal cellular phone; said possession was discovered by his prison officials and resulted in a disciplinary

charge and administrative hearing, during which Petitioner admitted the unauthorized possession of the phone. See id. at 2. Being sanctioned pursuant to the BOP Code 108, he asserted that he had no notice that the illegal possession would expose him to sanctions under *that* Code provision. See id. He, thus, challenges his sanctions and seeks expungement on the grounds of lack of proper notice. He also asserts that his equal protection rights were violated because Petitioner heard that two inmates had their Code 108 charges (stemming from the same illegal act) voluntarily reduced by the BOP to the charges under a less severe Code provision.[1] See generally, Docket Entry No. 1.

## II. DISCUSSION

All aspects of Petitioner's challenges are without merit. See, e.g., Nieves v. United States, 2012 U.S. Dist. LEXIS 70327

---

[1] The sole point of Petitioner and Respondent's factual disagreement is limited to the issue of whether Petitioner duly exhausted his administrative remedies, because Respondent contends that Petitioner failed to complete the administrative process, while Petitioner counters by maintaining that: (a) the final appeal he submitted administratively was left unanswered, hence rendering his challenges duly exhausted for the purposes of § 2241 review or, in alternative, (b) his further exhaustion efforts would be futile. Here, in light of the facial deficiency of Petitioner's challenges, this Court finds it warranted to resolve Petitioner's claims on the merits, without reaching the exhaustion issue. However, no statement made in this Opinion shall be construed as condoning an inmate's failure to exhaust his challenges administratively or as implicitly relaxing the exhaustion requirement. See Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) ("Ordinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241").

(D.N.J. May 18, 2012) (exhaustively discussing all aspects of this type of claim). In <u>Nieves</u>, as here, an inmate argued that the BOP has treated him differently than two other inmates, and such treatment was a violation of the Equal Protection Clause.[2] The <u>Nieves</u> court found that position facially meritless, pointing out that: (a) Judge Robert B. Kugler ruled that one inmate's petition was rendered moot (since the BOP had already re-sanctioned him), but determined that the habeas challenges would have been subject to substantive dismissal had they not been mooted; and (b) focusing on the other inmate's case, Judge Noel L. Hillman dismissed the petition on the merits, finding that the BOP did not violate that inmate's equal protection rights. <u>See</u> <u>id.</u> at *4-6 (discussing <u>Hudson v. Zickefoose</u>, 2010 U.S. Dist. LEXIS 120936 (D.N.J. Nov. 15, 2010), and <u>Neagle v. Grondolsky</u>, 2010 U.S. Dist. LEXIS 61429 (D.N.J. June 18, 2010)).

A petitioner who alleges an equal protection violation has the burden of proving the existence of purposeful discrimination that had a discriminatory effect on him. <u>See</u> <u>McCleskey v. Kemp</u>, 481 U.S. 279, 292 (1987); <u>Whitus v. Georgia</u>, 385 U.S. 545, 550 (1967). "Thus, to prevail under the Equal Protection Clause, Petitioner must prove that the decisionmakers in his case acted

---

[2] The <u>Nieves</u> petitioner asserted that the BOP violated his right to equal protection because it reduced the 108 code violation to a 305 code violation for other inmates who previously filed § 2241 petitions.

3

with discriminatory purpose." McCleskey, 481 U.S. at 292. Where an inmate alleges no facts indicating that his disciplinary sanction was the result of purposeful discrimination, and claims only that the BOP reduced the severity of the disciplinary charge for cell phone possession in two other cases, no viable equal protection claim is stated. See id. at *6 (citing Millard v. Hufford, 415 F. App'x. 348, 349-50 (3d Cir. Feb. 28, 2011); see also, e.g., Alamo v. Zickefoose, 2013 U.S. Dist. LEXIS 33705 (D.N.J. Mar. 11, 2013) (same); Lloyd v. Shartle, 2012 U.S. Dist. LEXIS 136303 (D.N.J. Sept. 21, 2012) (same); Gehl v. Zickefoose, 2012 U.S. Dist. LEXIS 133861 (D.N.J. Sept. 18, 2012) (same); Jenkins v. Zickefoose, 2012 U.S. Dist. LEXIS 91264 (D.N.J. June 15, 2012) (same); Knaub v. Zickefoose, 2011 U.S. Dist. LEXIS 142438 (D.N.J. Dec. 12, 2011) (same); Bouchard v. Shartle, 2011 U.S. Dist. LEXIS 68786 (D.N.J. June 27, 2011) (same).

Moreover, where an inmate asserts that the BOP violated the Due Process Clause by increasing the severity of the sanctions for possession of a cell phone without adequate notice, such allegations, too, fail to state a cognizable claim, since the inmate cannot contend that he was left without "notice that possession of a cellular telephone was a prohibited act." Nieves, 2012 U.S. Dist. LEXIS 70327, at *6.

As the inmate in Nieves, all Petitioner effectively argues is that "he had some sort of entitlement, based upon alleged

4

prior practice by the BOP, to discipline under a lower severity (and lower sanction) provision." Id. However, Petitioner has no such "due process" entitlement. See id.

> [W]hile Petitioner has due process rights to notice as to general categories of acts prohibited, he has no due process right to personal notice as to any specific administrative sanction he might face if his violation is detected. Petitioner was put on notice, by the very language of Code 108, that Code 108 sanctions could be imposed upon him for possession of a hazardous tool "likely to be used in an escape or escape attempt" or "hazardous to institutional security," descriptions plainly applicable to unauthorized cellular telephones in a prison. Thus, Petitioner had adequate notice.

Id. at *6-8 (relying on Hall v. Zickefoose, 448 F. App'x 184, 186 (3d. Cir. Oct. 21, 2011); Robinson v. Warden, 250 F. App'x 462 (3d Cir. 2007) (per curiam); Ortiz v. Zickefoose, 2011 U.S. Dist. LEXIS 47376 (D.N.J. May 3, 2011)); see also Alamo, 2013 U.S. Dist. LEXIS 33705 (same); Lloyd, 2012 U.S. Dist. LEXIS 136303 (same); Gehl, 2012 U.S. Dist. LEXIS 133861 (same); Jenkins, 2012 U.S. Dist. LEXIS 91264 (same); Knaub, 2011 U.S. Dist. LEXIS 142438 (same); Bouchard, 2011 U.S. Dist. LEXIS 68786 (same).

Since the law is clear with regard to every aspect of Petitioner's position, and the claims raised by Petitioner are meritless, the Petition warrants no habeas relief.[3]

---

[3] The Court notes, in passing, that there is no basis to expunge Petitioner's prison records since he has not proven that he was denied due process or that there was insufficient evidence to support his disciplinary finding. Compare Williams v. Federal Bureau of Prisons, 85 F. App'x 299, 303 (3d Cir. 2004) (noting, without endorsement, the holding of in Paine v. Baker, 595 F.2d

5

**III. CONCLUSION**

Based upon the foregoing, the Petition will be denied. An appropriate Order follows.

s/Renée Marie Bumb  
**RENÉE MARIE BUMB**  
**United States District Judge**

Dated: October 23, 2013

---

197, 201 (4th Cir.1979), that "[i]n certain limited circumstances a claim of constitutional magnitude [might be] raised where a prisoner alleges (1) that [underlying factual] information is in his file, (2) that the information is [wholly] false, and (3) that it is relied upon [by an administrative body] to a constitutionally significant degree [and to the petitioner's detriment]"). Here, Petitioner himself conceded illegal possession of the cell phone. Thus, the factual information in his prison file cannot be false.